**Joseph Leon JACKSON, Petitioner—Appellant,**

v.

**Ernest ROE, Warden, Respondent—Appellee.**

No. 03–56473.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Joseph Leon Jackson, Represa, CA, for Petitioner–Appellant.

Alana Cohen Butler, Esq., San Diego, CA, for Respondent–Appellee.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

California state prisoner Joseph Leon Jackson appeals *pro se* the district court's order denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Jackson contends that the prosecutor's use of peremptory challenges violated the Equal Protection Clause, and that the trial court erred in finding that Jackson had failed to establish a prima facie case of discriminatory exclusion. Upon review of the record,[1] we conclude that Jackson has not demonstrated that the "relevant circumstances raise an inference that the prosecutor used [peremptory challenges] to exclude veniremen from the petit jury on account of their race." *Batson v. Kentucky,* 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Accordingly, the district court properly denied this claim. *See Wade v. Terhune,* 202 F.3d 1190, 1198 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government contends that the district court improperly reviewed Jackson's claim de novo rather than deferentially. Because we conclude that Jackson's claim fails under either standard of review, we need not address this issue here.